UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WALTER SHAUNE SILVA,<br><br>  Plaintiff,<br>  v.<br><br>SANTANDER CONSUMER USA INC. et al.,<br><br>  Defendant. | CASE NO. 3:24-cv-06057-DGE<br><br>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 43) |

**I    INTRODUCTION**

This motion comes before the Court on the motion for judgment on the pleadings filed by Defendants Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC (collectively, the "CRAs").  (Dkt. No. 43.)  Plaintiff Walter Shaune Silva opposes

this motion.[1]  (Dkt. No. 50.)  The CRAs submitted a reply in support of their motion (Dkt. No. 53) on November 6, 2025.[2]  For the foregoing reasons, the CRAs' motion is GRANTED.

## II   BACKGROUND

On September 20, 2024, Plaintiff, who is proceeding pro se, filed this lawsuit in Kitsap County District Court against Santander Consumer USA, Inc. ("Santander") and the CRAs. (Dkt. No. 1-2 at 2.)  Plaintiff's complaint appears to allege claims for breach of contract, conversion, and violation of the Fair Credit Reporting Act ("FCRA") arising out of an "alleged auto financing transaction where Plaintiff has possession of the vehicle." (*Id.* at 3, 6.)  Specific to the CRAs, Plaintiff alleges "on information and belief the accused Defendants were jointly and severally reporting" to the CRAs, despite Plaintiff "striking out certain provisions including Waiver of Presentment and Disclosures to Third Party provisions," which thereby threatens Plaintiff's reputation "in breach of statute and agreements and creditworthiness." (*Id.* at 6.)  The CRAs "in turn threaten to report any negative information reported to them." (*Id.*)  Plaintiff asserts the reporting "should be scheduled to be removed by law" because on information and belief, "the credit reporting businesses have not ceased nor desisted including remarks created by [Santander] whether positive or negative but they must and should have to date." (*Id.*)

---

[1] As a preliminary matter, the Court notes that a motion for judgment on the pleadings is treated as a 21-day motion pursuant to Local Civil Rule 7(d)(3); the word limit for both the motion and opposition is 4,200 words.  LCR 7(e).  Both parties submitted briefs in excess of the word limit. "[T]he prescribed sanction for an overlength brief is to 'refuse to consider any text, including footnotes, which is not included within the word or page limits.'" *Travelers Cas. & Sure. Co. of Am. v. Decker*, No. 2:24-cv-00253-TL, 2024 LX 12794 at *3 (W.D. Wash. Dec. 9, 2024); *see also* LCR 7(e)(6).  Thus, the Court will consider the Parties' arguments up to the 4,200-word threshold, which the CRAs reach on page 17 and Plaintiff reaches on page 20.

[2] The noting date for this motion was October 16, 2025.  (*See* Dkt. No. 43.)  The CRAs' reply brief (Dkt. No. 53) is therefore untimely and will not be considered by the Court in the resolution of this motion.  *See* LCR(d)(3).

Trans Union LLC removed the case on December 27, 2024, based on federal question jurisdiction because Plaintiff invokes the FCRA. (Dkt. No. 1.) On September 18, 2025, the CRAs moved for judgment on the pleadings. (Dkt. No. 43.) They argue Plaintiff's complaint consists "only of vague allegations regarding credit reporting" but that at no point does Plaintiff "specifically identify any reporting he alleges is inaccurate." (*Id.* at 11.) They further allege that Plaintiff is suing them "as a means of collaterally attacking the validity of [Defendant] Santander's ability to collect on the auto finance contract." (*Id.* at 16.) And finally, as to Plaintiff's breach of contract and conversion claims, the CRAs argue Plaintiff has not alleged the existence of a contract with any CRA, nor any facts to support that the CRAs have "interfered with the vehicle." (*Id.* at 12.) On all three causes of action, the CRAs argue Plaintiff's claims fail as a matter of law. (*Id.* at 16.)

In response, Plaintiff primarily takes issue with the CRAs' characterization of Plaintiff's complaint as "non-sensical." (Dkt. No. 50 at 1, 11–12, 13–14, 20.) He also restates many of the factual allegations from the complaint and summarizes the CRAs' version of the facts. (*Id.* at 7–9.) Plaintiff concedes he has "no direct contractual relationship with the CRA Defendants and does not allege that they converted his property" and clarifies that the claims against the CRAs are for violation of the FCRA only. (*Id.* at 15–16.) As to that claim, Plaintiff argues that his complaint provides "fair notice of the claim and its grounds" and plausibly alleges that the CRAs "failed to follow reasonably procedures and/or reinvestigate as required." (*Id.* at 17.) He further argues that any questions about the reasonableness of the CRAs' actions are questions of fact more suitable for a jury. (*Id.* at 18–19.)

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 43) - 3

### III   DISCUSSION

**A.  Legal Standard**

"Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "Judgment on the pleadings is proper when, taking all the [factual] allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). This includes cases where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). As with Rule 12(b)(6) claims, the Court may not look beyond the pleadings to resolve a Rule 12(c) motion without converting the motion into one for summary judgment. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

**B.  Analysis[3]**

While Plaintiff does not specify which provisions of the FCRA he is challenging in his complaint, the parties seem to agree that the applicable provisions are 15 U.S.C. § 1681e(b) (requiring CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever the CRA prepares a consumer report) and § 1681i (outlining the procedures for CRAs "in case of disputed accuracy"). (*See* Dkt. Nos. 43 at 13–16; 50 at 16–19.) "To sustain either a § 1681e or a § 1681i

---

[3] Because Plaintiff concurs that the breach of contract and conversion claims are not applicable to the CRAs, the Court considers those claims abandoned against the CRAs and analyzes only the FCRA violation claim. (*See* Dkt. No. 50 at 15); *see also Heraldez v. Bayview Loan Servicing, LLC*, No. 2:16-cv-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue."), *aff'd*, 719 F. App'x 663 (9th Cir. 2018).

claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the CRA." *Ghuyumjyan v. Bank of Am., N.A.*, Case No.: 2:24-cv-10749-MEMF-BFM, 2025 WL 1754625, at *2 (C.D. Cal. June 24, 2025) (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.*; *see also Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1045, 1033 (D. Ariz. 2022) (information is only materially misleading when it is "open to an interpretation that is directly contradictory to the true information"). The FCRA is not a strict liability statute, however, *see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995), and a CRA is required only to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b).

Here, the Court determines Plaintiff has failed to make a prima facie showing of inaccurate reporting. *Ghuyumjyan*, 2025 WL 1754625, at *2 (citation omitted). The CRAs argue Plaintiff does not allege that there is any inaccurate reporting on his credit files. (Dkt. No. 43 at 14.) In response, Plaintiff asserts that all he is required to do at this stage is provide fair notice of the claims, and that by alleging the CRAs reported information about a disputed auto-finance debt and that he notified the CRAs of the dispute, he has sufficiently cleared the pleading standard hurdle. (Dkt. No. 50 at 17.) In essence, Plaintiff is requesting the Court take him at his word. However, there are no facts that show the CRAs were reporting at all, let alone whether their reporting was either "patently incorrect" or "misleading" as defined by case law. *Ghuyumjyan*, 2025 WL 1754625, at *2 (citation omitted). Put more simply, Plaintiff asserts only "on information and belief" the "accused Defendants were jointly and severally reporting" to the CRAs. (Dkt. No. 1-2 at 6.) But Plaintiff does not state who reported information to the CRAs,

what information was reported, or when it was reported. Plaintiff also asserts that the CRAs "in turn threaten to report any negative information reported to them to others." (*Id.*) But again, Plaintiff does not the allege the CRAs in fact reported any information to others, what information they reported to others, what made it "negative," or when such information was reported to others. (*Id.*) No facts indicating the CRAs made any type of inaccurate reporting are contained in Plaintiff's complaint.

The CRAs further argue that even if an FCRA violation claim could be inferred from the complaint, Plaintiff would be unable to show that the CRAs violated the FCRA because the inaccuracy is not "objectively and readily verifiable." (Dkt. No. 43 at 14.) Plaintiff disagrees, arguing that he provided a Washington State Department of Licensing Certificate of Fact which establishes the purchase price for the vehicle is different than the price the CRAs have allegedly been reporting. (Dkt. No. 50 at 18–19, 33.) There are two issues with this argument. First, on a motion for judgment on the pleadings, the Court cannot look beyond the complaint itself to resolve the motion without converting the motion into one for summary judgment. *Hal Roach Studios*, 896 F.2d 1542 at 1550. The certificate to which Plaintiff refers was attached to his opposition, but because it was not submitted on declaration under penalty of perjury, the Court cannot consider it as evidence.[4] *See Ball v. Manalto, Inc.*, Case No. C16-1523 RSM, 2017 WL 1788425, at *3 (W.D. Wash. May 5, 2017) (considering assertions in an opposition brief without declaration or evidence in support as being "argument, not evidence"). Second, even if the Court considered this document from Plaintiff, all it does is establish that on January 23, 2024, the

---

[4] The certificate was also part of a document titled "Presumption of Fraud," which was filed on August 18, 2025. (*See* Dkt. No. 39 at 5.) This document was filed before the CRAs filed their motion for judgment on the pleadings and was not referenced in the complaint. It therefore cannot be considered for purposes of resolving the instant motion. *See Hal Roach Studios*, 896 F.2d at 1550.

purchase price for the vehicle was $17,245.45.  (Dkt. No. 39 at 5.)  Plaintiff makes no argument indicating the CRAs are now reporting a conflicting balance, nor how or why that balance is inaccurate.  (*See* Dkt. No. 50 at 18.)

      Notwithstanding the fact that there is no definitive Ninth Circuit case law adopting the "objectively and readily verifiable test" for § 1681e(b) claims, *see Ghuyumjyan*, 2025 WL 1754625, at *4, the Court agrees that "reinvestigation claims" under the FCRA are "not the proper vehicle for collaterally attacking the validity of consumer debts," because a credit reporting agency "is a third party, lacking any direct relationship with the consumer." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891–892 (9th Cir. 2010) (citation omitted). Therefore, a consumer disputing the *validity* of a debt should first attempt to resolve the issue with the creditor or furnisher.  *Id.* at 892 (citation omitted).  Plaintiff argues that the apparent discrepancy—which he does not identify—between the auto-finance contract and the balance the CRAs are apparently reporting is "precisely the type of factual inaccuracy CRAs can and must investigate." (Dkt. No. 50 at 18.)  The "fundamental flaw" in this conception of the reinvestigation duty, as the Ninth Circuit puts it, is that the CRAs are not "tribunals"; they "simply collect and report information furnished by others" and are "ill equipped to adjudicate contract disputes." *Carvalho*, 629 F.3d at 891.  The basis for Plaintiff's FCRA violation claim appears to be a challenge to the validity and/or the lack of "presentment" of the original auto-finance contract between Plaintiff and Santander.  (*See* Dkt. No. 1-2 at 5–6.)  On the face of the complaint, Plaintiff does not allege that the CRAs engaged in inaccurate or misleading reporting. (*See id.* at 3–6.)  His insistence in his opposition brief that the CRAs are ignoring a "documented discrepancy" does not change the fact that Plaintiff has failed to plead sufficient facts *that there*

*is an inaccuracy in the CRAs' reporting to begin with.* Construing all facts in the complaint as true, the CRAs are entitled to judgment as a matter of law.[5] *See Honey*, 195 F.3d at 532.

District courts have discretion to grant motions under Rule 12(c) with leave to amend. *Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-DAD-JDP, 2022 WL 21872531, at *1 (E.D. Cal. Oct. 31, 2022) (collecting cases). However, the Ninth Circuit has instructed that while district courts should generally grant leave to amend, a district court does not have to do so if it determines the pleadings could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (holding that a district court does not err in denying leave to amend if amendment would be futile).

Although Plaintiff's complaint has not sufficiently alleged the CRAs reported inaccurate information, he argues in his opposition that the debt balance reported by the CRAs is inconsistent with the original price of his contract with Santander. (*See* Dkt. No. 50 at 18.) Though it is questionable whether Plaintiff can allege specific facts to support his FCRA claim, the Court will allow Plaintiff an opportunity to sufficiently plead a prima facie case of inaccurate reporting by the CRAs. *Cf. Armstrong v. Voss & Klein, LLC*, No. 2:23-cv-01949-DJC-AC, 2024 WL 1484098, at *4 (E.D. Cal. Apr. 5, 2024) (denying leave to amend an FCRA violation claim when the plaintiff alleged no new facts in her opposition and her counsel confirmed she had no

---

[5] "Only once it is determined that a piece of information reported is patently incorrect or materially misleading can a court move on to the next step of determining whether the investigation conducted . . . was reasonable." *Sanchez*, 643 F. Supp. 3d at 1034 (citing *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022)). Because Plaintiff failed to show that the CRAs' reporting was either, the Court declines to address the question of whether the CRAs' investigations were reasonable.

new or additional facts regarding the underlying dispute as to the debt or alleged communications with the CRA defendants).

### IV    CONCLUSION

Accordingly, the CRAs' motion for judgment on the pleadings (Dkt. No. 43) is GRANTED.  Plaintiff's complaint (Dkt. No. 1-2) is dismissed, with leave to amend.  Any amended complaint SHALL be filed on or before **December 5, 2025**.  If Plaintiff fails to file an amended complaint addressing the deficiencies identified in this order by December 5, 2025, the CRAs may move for dismissal of the action.

Dated this 18th day of November 2025.

David G. Estudillo
United States District Judge