UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WALTER SHAUNE SILVA, | CASE NO. 3:24-cv-06057-DGE |
| Plaintiff, | ORDER ON MOTION TO DISMISS (DKT. NO. 61) |
| v. | |
| SANTANDER CONSUMER USA INC. et al., | |
| Defendants. | |

## I    INTRODUCTION

This motion comes before the Court on the motion to dismiss filed by Defendants TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (collectively, the "CRAs").  (Dkt. No. 61.) Plaintiff Walter Shaune Silva opposes the motion.  (Dkt. No. 64.)  For the following reasons, the CRAS' motion is GRANTED.

ORDER ON MOTION TO DISMISS (DKT. NO. 61) - 1

## II    BACKGROUND

Plaintiff, who is proceeding pro se, filed this lawsuit in Kitsap County District Court on December 20, 2024, against Santander Consumer USA, Inc. ("Santander") and the CRAs. (Dkt. No. 1-2 at 2.) Plaintiff's complaint appeared to allege claims for breach of contract, conversion, and violation of the Fair Credit Reporting Act ("FCRA") arising out of an "alleged auto financing transaction where Plaintiff has possession of the vehicle." (*Id.* at 3, 6.) Because Plaintiff invoked the FCRA in his complaint, TransUnion removed the case on December 27, 2024, based on federal question jurisdiction. (Dkt. No. 1.)

On September 18, 2025, the CRAs moved for judgment on the pleadings. (Dkt. No. 43.) On November 18, the Court granted the CRAs' motion, finding Plaintiff failed to make a prima facie showing of inaccurate reporting for his FRCA violation claim.[1] (Dkt. No. 54.) The Court observed it was "questionable" whether Plaintiff could allege specific facts to support his FRCA claim but granted him leave to amend. (*Id.* at 8.)

On December 5, Plaintiff amended his complaint. (Dkt. No. 56.) He alleges he purchased a vehicle and began receiving collection communications from Santander, a company "Plaintiff had never knowingly done business with." (*Id.* at 2.) He requested validation of the debt; Santander apparently produced a contract between Plaintiff and the car dealership, "with no mention of Santander and no proof of assignment." (*Id.*) He alleges the CRAs have reported "materially conflicting information" about the Santander account, including "different payment terms and history, different characterizations of Santander's role, different payment

---

[1] In his response to the motion for judgment on the pleadings, Plaintiff acknowledged that the breach of contract and conversion claims were not applicable to the CRAs. (Dkt. No. 50 at 15.) The Court considered those claims abandoned and addressed only the FCRA violation claim in its order. (Dkt. No. 54 at 4 n.3.)

status, different activity dates, and more." (*Id.*)  In support of these allegations, Plaintiff lists all the ways in which he believes the CRAs are contradictory and inaccurate and have conducted "sham investigations" into these issues.  (*See id.* at 4–10.)  Plaintiff brings causes of action against the CRAs for violations of 15 U.S.C. §§ 1681e(b) and 1681i.  (*Id.* at 11–14.)  He also alleges a "pattern [of] willful and or reckless disregard [under the FCRA], not just negligence," under 15 U.S.C. § 1681n. (*Id.* at 10–11, 12–14.)

The CRAs filed their joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 19.  (Dkt. No. 61.)  They argue that although Plaintiff has brought a "completely new set of allegations," he still cannot plausibly allege any inaccuracy in the CRAs' reporting and that he relies only on contradictions between the CRAs, which are insufficient as a matter of law for a violation of the FCRA.  (*Id.* at 7.)  Further, they argue Plaintiff's willfulness claims fail because his conclusory allegations that the CRAs intentionally or knowingly violated the FCRA do not meet the standard for willful noncompliance.  (*Id.* at 15–16.)

In response, Plaintiff emphasizes that the Court must "presume the factual allegations of the complaint to be true."  (Dkt. No. 64 at 3.)  He argues that his amended complaint "alleges objective factual inconsistencies in [the CRAs'] reporting and failures to investigate[,]" and as such, he is entitled to proceed past the motion to dismiss phase.  (*Id.* at 4.)  He takes issue with Defendants' "competing explanations" for the alleged factual inaccuracies in his credit report.  (*Id.* at 5.)

In their reply, the CRAs reiterate that they are not asking this Court to "resolve factual disputes at the pleading stage" but are instead explaining other courts' rationales that contradictions in CRA reporting is as a matter of law insufficient to allege an inaccuracy under the FCRA.  (Dkt. No. 65 at 4.)  They renew their position against what they consider is

Plaintiff's "improper collateral attack" on the underlying debt and point out that Plaintiff failed to address the CRAs' arguments regarding his claim for willfulness. (*Id.* at 5.)  The CRAs request Plaintiff's claims be dismissed with prejudice because amendment would be futile. (*Id.* at 6.)  This matter is now ripe for disposition.

### III    DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

**B. Analysis**

Under 15 U.S.C. § 1681e(b), CRAs are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever the CRA prepares a consumer report.  15 U.S.C. § 1681i lays out the procedures for CRAs "in case of disputed accuracy."

"To sustain either a § 1681e or a § 1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the CRA." *Ghuyumjyan v. Bank of Am., N.A.*, Case No.: 2:24-cv-10749-MEMF-BFM, 2025 WL 1754625, at *2 (C.D. Cal. June 24, 2025) (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.*; *see also Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1025, 1033 (D. Ariz. 2022) (information is only materially misleading when it is "open to an interpretation that is directly contradictory to the true information").  The FCRA is not a strict liability statute, however, *see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995), and a CRA is required only to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  § 1681e(b).

In its initial order dismissing Plaintiff's complaint, the Court found that Plaintiff had not alleged what information was reported to the CRAs, what the CRAs were in turn reporting, and whether or how that reporting was "patently incorrect" or "misleading" as defined by case law. (Dkt. No. 54 at 5–6) (citing *Ghuyumjyan*, 2025 WL 1754625, at *2).  Plaintiff now alleges the CRAs are reporting "materially different and conflicting information about the same account, including different balances, different delinquency dates, different charge-off dates, different last

ORDER ON MOTION TO DISMISS (DKT. NO. 61) - 5

activity dates, and different characterizations of Santander's role." (Dkt. No. 56 at 11.)  These conflicts, according to Plaintiff, "prove that at least two CRAs (and possibly all three) are reporting inaccurate information." (*Id.*)  Plaintiff's theory appears to be that the existence of discrepancies between the different reports proves an inaccuracy in violation of the FCRA.

The court analyzes the sufficiency of Plaintiff's allegations against each CRA and concludes that in each instance, Plaintiff has failed to plead facts that, even accepted as true, state a claim under the FCRA that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citation omitted).

### 1. TransUnion

Plaintiff alleges TransUnion's reporting "contains objectively false and logically impossible information demonstrating gross failure to maintain records." (Dkt. No. 56 at 5.)  In support of this claim, Plaintiff points to the fact a September 18, 2025, report shows payment terms of "$0 per month," and asserts, "[i]t is logically impossible to be delinquent on an obligation to pay $0 per month." (*Id.*)  He also alleges TransUnion "provides materially different payment history depending on which version of the credit report is accessed." (*Id.*)  Plaintiff alleges these "internal contradictions," among others, demonstrate TransUnion's "systemic failure to maintain consistent and accurate records." (*Id.* at 6.)

Plaintiff fails to allege a FCRA violation against TransUnion.  He alleges no facts that explain how TransUnion's reporting is inaccurate or misleading "in such a way and to such an extent that it can be expected to adversely affect credit decisions."  *Ghuyumjyan*, 2025 WL 1754625, at *2 (citation omitted).  His amended complaint does not allege that he does not owe the debt, whether he paid off the debt, or why this specific information is patently false.  *See Franklin v. TransUnion, LLC*, Case No.: CV 19-0888-CBM-SHKx, 2019 WL 6871254, at *3

ORDER ON MOTION TO DISMISS (DKT. NO. 61) - 6

(C.D. Cal. Oct. 8, 2019) (holding that the reporting of historical monthly payment terms on a closed or charged off account with no balance "does not imply [the plaintiff] has an ongoing obligation to make monthly payments on the account," and is therefore not inaccurate); *Torres v. Bank of Am.*, Case No.: CV 17-4772 CBM-PLA, 2017 WL 10574231, at *3 (C.D. Cal. Oct. 12, 2017) (finding that a plaintiff failed to state a claim for inaccurate reporting when he did not allege whether the plaintiff owed the debt, owed the debt and paid it off, or any other reason the CRA's reporting was inaccurate or misleading).  An "inconsistent report is not necessarily an inaccurate or misleading report," *Oki v. TransUnion LLC*, Case No. 25-cv-08070-HSG, 2025 WL 3719288, at *3 (N.D. Cal. Dec. 23, 2025), and without further factual development, the Court will not speculate as to whether these "internal contradictions" are indeed inaccurate or misleading.  (Dkt. No. 56 at 6.)  Plaintiff fails to state a claim against TransUnion.

### 2.  Experian

Plaintiff alleges Experian's report format is "materially misleading in a manner that adversely affects credit decisions" because the way it is reported creates the "false impression" that Plaintiff has $24,400 in debt when the "actual open balance is $300."  (Dkt. No. 56 at 6.)

Plaintiff fails to allege a FCRA violation against Experian.  He offers only the conclusory allegation that the true account balance is different than what Experian is reporting but does not allege any facts to explain *how* the information is false or *why* it is materially misleading, nor where the $300 balance figure he alleges is accurate comes from.  Instead, Plaintiff alleges only that Experian's "deceptive presentation" violates its obligation to "follow reasonable procedures to assure maximum possible accuracy."  (*Id.*)  This is a legal conclusion and is insufficient to state a claim.  *Ashcroft*, 556 U.S. at 680 (a plaintiff's assertion of a legal conclusion is "not entitled to the assumption of truth); *Guimond*, 45 F.3d at 1333 (to bring a claim under § 1681e, a

plaintiff must "present *evidence* tending to show that a credit reporting agency prepared a report containing inaccurate information") (emphasis added).  Plaintiff's conclusory statements are not factual allegations, and therefore, he fails to state a claim against Experian.

### 3.  Equifax

Plaintiff alleges the fact Equifax reported Plaintiff's last activity as August 2024 is "objectively false," because Plaintiff made a payment, and Equifax reported the account was charged off, in November 2024.  (Dkt. No. 56 at 7.)  He alleges Equifax reported "charged-off status" from November 2024 through July 2025, then changed to "not reported" without explanation, which Plaintiff asserts demonstrates a "failure to maintain accurate information." (*Id.*)

Plaintiff fails to allege a FCRA violation against Equifax.  As with his claims against TransUnion and Experian, Plaintiff does not identify *how* Equifax's reporting would adversely affect credit decisions, *Ghuyumjyan*, 2025 WL 1754625, at *2 (citation omitted), nor does he explain how reporting the charged-off status over multiple months and then changing the status to "not reported" is incorrect or misleading.  *See Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1006 (D. Nev. 2020) (holding that a plaintiff provided no authority to support her claim that reporting multiple charge offs was incorrect, and therefore she failed to state a claim that the reporting was incorrect or misleading).  Instead, Plaintiff merely concludes that the dates are conflicting, so the information is "objectively false."  (Dkt. No. 56 at 7.)  Plaintiff's unsupported assertions do not "nudge his claims . . . across the line from conceivable to plausible," *Ashcroft*, 556 U.S. at 680 (citation and alterations omitted), and therefore, he fails to state a claim against Equifax.

### 4.  Discrepancies Between the CRAs

Plaintiff also fails to state a claim based on alleged discrepancies *between* the CRAs' reports.  "Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information."  *Allen v. Experian Info. Sols., Inc.*, Case No. 2:25-cv-00404-BLW, 2025 WL 3485873, at *3 (D. Idaho Dec. 4, 2025) (citation omitted); *see also Verlus v. Experian Info. Sols., Inc.*, Civil Action No. 23-cv-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) (citation omitted) (when the plaintiff alleged inconsistencies in his credit reports but did not allege "what the accurate information actually is," he did not sufficiently plead an FCRA violation).  The reason for this requirement is "straightforward": when CRAs report different balances, "both figures could be accurate as of different reporting dates, or one could be accurate and the other not."  *Allen*, 2025 WL 3485873, at *2.  Without allegations "establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone."  *Id.*

Plaintiff essentially asks the Court to compare the CRAs' reports and conclude alongside Plaintiff that somewhere among the three reports, there is an inaccurate or misleading report that violates the FCRA.  To illustrate: Plaintiff alleges the CRAs report three different "30 days late dates," which leads to different "60 days late dates." (Dkt. No. 56 at 4.)  Likewise, he alleges the account "can only be charged off once, on one specific date," yet the CRAs report different charge-off dates (or do not report one at all, in the case of TransUnion).  (*Id.* at 5.)  Some of the inconsistencies are premised on information that was not reported at all.  (*See id.* at 4) (alleging that TransUnion did not report any last activity and Experian and Equifax did not report that Plaintiff's Santander account is closed).  But there is no affirmative duty for CRAs to report tradelines.  *See Desautel v. Experian Info. Sols., LLC*, Case No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020) ("As a general matter, a CRA has no obligation to

include a tradeline on a credit report. . . . [A] credit report is not 'inaccurate' or 'materially misleading simply because it does not mention a particular tradeline."). Apart from pointing out these inconsistencies, though, Plaintiff does not allege "*what the inaccurate information actually is*." *Cruel v. Experian*, CIVIL ACTION NO. 22-5236, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (emphasis added); *see also Allen*, 2025 WL 3485873, at *3 (finding that the plaintiff's allegations of conflicting balances between CRAs, different account totals, inconsistent payment statuses, and differing personal identifiers were not enough to show a FCRA violation because he did not, for example, "allege that the correct balance on a particular account is $0 and that one or more CRAs falsely reported $18,606"). The Court will not speculate about what information in the CRAs' reports is inaccurate or misleading.

Plaintiff attempts to sidestep this issue by alleging that when CRAs report "materially different information about the same account," consumers cannot determine what information is accurate. (Dkt. No. 56 at 5.) Therefore, he alleges, these vague "material inconsistencies" affect his creditworthiness. (*Id.*) This argument fails for two reasons. First, a court looking at the information in a consumer's credit report must view the information "through the lens" of a creditor—in other words, "it does not matter whether the report is inaccurate or misleading in the *consumer's* opinion." *Cruel*, 2023 WL 4140828, at *2 (citations and quotations omitted). Without pointing to facts that support his claim that his creditworthiness has been impacted, and how, and by which CRA, the Court has nothing but Plaintiff's *opinion* that he has been adversely affected. This is insufficient under the FCRA. *Id.* Second, as already stated, a FCRA plaintiff must identify "which specific information is false—merely pointing to the fact that different reports contain different information is insufficient." *Allen*, 2025 WL 3485873, at *2 (discussing

ORDER ON MOTION TO DISMISS (DKT. NO. 61) - 10

claims under § 1681e or a § 1681i).  If Plaintiff cannot plausibly identify whether the CRAs (and which ones) are reporting accurately, neither can the Court.[2]

**IV    CONCLUSION**

The CRAs' motion to dismiss (Dkt. No. 61) is GRANTED.  Plaintiff's amended complaint (Dkt. No. 56) is DISMISSED without prejudice.

This matter is now administratively stayed pending the completion of the arbitration between Plaintiff and Santander.  (*See* Dkt. No. 55 at 7.)

Dated this 10th day of February 2026.

David G. Estudillo
United States District Judge

---

[2] The FCRA provides a private right of action for willful violations.  15 U.S.C. § 1681n. Plaintiff alleges claims for willful violations against each CRA (*see* Dkt. No. 56 at 12–14); the CRAs argue that Plaintiff fails to plead any facts to reach the "exceedingly high standard" to establish a willful FCRA violation claim (Dkt. No. 61 at 15–16).  Plaintiff failed to engage with this argument in his response.  (*See generally* Dkt. No. 64.)  Therefore, to the extent Plaintiff seeks relief based on a willful violation of the FRCA, the Court concludes those claims have been abandoned.  *Heraldez v. Bayview Loan Servicing, LLC*, No. 2:16-cv-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue."), *aff'd*, 719 F. App'x 663 (9th Cir. 2018); *Freeze v. McDermott*, Case No. C22-1844JLR, 2023 WL 3599585, at *5 (W.D. Wash. May 23, 2023) (citation omitted) (dismissal of the plaintiff's claims was warranted when he "failed to substantively respond to the arguments raised in the [] Defendant's motion to dismiss," thus "'effectively abandon[ing]' his claims").

ORDER ON MOTION TO DISMISS (DKT. NO. 61) - 11